## Marcus, Appellant, v. Grant.

*Equity—Enforcement of sale of real estate—Alleged joint owner-ship—Fee simple title—Joint adventure.*

1. A bill in equity to enforce a sale of real estate filed by the widow and sole devisee of a decedent will be dismissed, where the writing shows that defendant acknowledged himself indebted to decedent for services in purchasing the real estate with defendant's money, but that defendant had absolute ownership and control of the land, limited only by an obligation to manage it in good faith and to account to decedent annually for the net revenue and when he should think it advantageous to sell and account to decedent for one half of the net profit.

2. That such was the understanding of the decedent is shown by the fact that he became a tenant of the land under defendant, thus acknowledging that he was without interest by way of estate or title.

3. There can be no joint adventure where land is not purchased for common account, and where no portion of the consideration is paid by the party to the transaction, seeking to set it up.

*Equity—Bill to compel sale of real estate—Retention of bill—Accounting.*

4. Where a bill to compel sale of real estate alleged to have been held in joint ownership by plaintiff and defendant is dismissed on the ground that defendant owned the fee and was liable only for half the proceeds when he chose to sell the land, the court will not retain the bill for future accounting, where it appears that the bill does not pray for an accounting.

Argued January 24, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, and SCHAFFER, JJ.

Appeal, No. 45, Jan. T., 1927, by plaintiff, from decree of C. P. Berks Co., No. 1386, Equity Docket 1924, dismissing bill in equity, in case of Martha M. Marcus v. Simon Grant. Affirmed.

Bill to compel sale of real estate. Before SCHAEFFER, P. J.

The opinion of the Supreme Court states the facts.

Bill dismissed. Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Joseph H. Sundheim,* of *Bernheimer & Sundheim* and *H. P. Keiser,* for appellant.

*Cyrus G. Derr,* with him *J. Paul MacElree,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, March 14, 1927:

Defendant having acquired in fee simple the property which is the subject-matter of this litigation executed the following writing:

"Know All Men by These Presents, That I, Simon Grant, of West Chester, Pennsylvania, hereby acknowledge myself indebted to Nathan Marcus, of Reading, Pennsylvania, for services rendered and not compensated under the following arrangement, that is to say, that I will pay to said Nathan Marcus one-half of the net profit derived from the property Nos. 802 and 804 Penn Street, Reading, Pennsylvania, lately purchased through the efforts of said Nathan Marcus from M. S. Hershey for the sum of forty-five thousand dollars (all expenses of maintaining the building, such as taxes, repairs, interests, etc., of course to be deducted from the receipts); and in case of a sale of said property for more than forty-five thousand dollars, I will pay to said

Nathan Marcus, his administrators, executors or assigns, one-half of the profit, but in case of a loss I, Nathan Marcus, will stand half of it.

"Witness my hand and seal this 3rd day of January A. D. 1905.

"Simon Grant (Seal)"

Plaintiff filed this bill in equity setting forth that she is the widow of Nathan Marcus and devisee of his interest in the property and that she had requested defendant to sell it and pay to her one-half of the net profit realized, which he has refused to do. She prayed a decree declaring her rights in the property, directing that it be sold, appointing a receiver of the purchase money to distribute the proceeds and that defendant be enjoined from making sale otherwise than as the court might direct. Defendant filed an answer averring that plaintiff's interest in the property is not such as entitles her to demand a sale, asserting his own absolute ownership and control limited only by the obligation to manage it in good faith and to account to plaintiff annually for the net revenue and, when he should think it advantageous, to sell and account to plaintiff for one-half the net profit.

The chancellor determined that defendant is the absolute owner of the premises, that plaintiff is entitled to one-half the net income, that upon sale thereof she is entitled to one-half the net proceeds after the deduction of the sum of $45,000 paid by defendant therefor and the deduction of all liens and proper charges, that defendant is required to furnish plaintiff an account of the income from the property from a date named and of the sums chargeable against it, and that plaintiff is entitled to be informed of the terms of all leases made by defendant and of the expenditures necessary for the reasonable maintenance of the building. On final decree the chancellor dismissed the bill, in that connection stating that he was originally prompted to retain it as a further protection to plaintiff in addition to the recorded

declaration of her rights; he, however, concluded that as her rights are founded upon the recorded declaration, the retention of the bill could give no greater protection, whereas the continuance of litigation might affect her adversely by deterring responsible persons from accepting a lease of the property upon the best terms.

We agree with the court below that the plaintiff has no interest by way of estate or title in the property and that the paper executed by defendant shows not that Nathan Marcus had an interest therein but that defendant was indebted to him for services rendered, which indebtedness is to be paid out of the income and proceeds therefrom. Appellant's counsel base their argument that Nathan Marcus had an interest in the property which has passed to her on the proposition that he and defendant were joint adventurers. We find nothing in this case to indicate that there was any intention on the part of Marcus and Grant to constitute themselves joint adventurers. Indeed, as we shall point out later, Marcus apparently had no such thought and it is admitted that he paid no part of the purchase money. "The fact that the contract provides for the sharing of the profits, while an important factor in determining the character of the contract, does not of itself make it one of joint adventure. There must be something more, some active participation in the enterprise; some control over the subject matter thereof or property engaged therein": 33 C. J. 847. In the very recent case of Davis v. Hillman, 288 Pa. 16, we determined that there can be no joint adventure where land is not purchased for common account and where no portion of the consideration is paid by the party to the transaction seeking to set it up.

There is nothing in the writing to show that the property was purchased on joint account or to lead to the conclusion, even by inference, that Marcus should be a part owner or in any way interested in the title. He did not sign it, although as drawn it was intended that

he should for the purpose of assuming half the loss in case it should be sold for less than cost. The paper is plain and unambiguous and shows that all that Marcus was entitled to thereunder was one-half of the net income derived from the property and to one-half of the net profit in the event of its sale. He had no standing to compel a sale of the property and it follows that the plaintiff has none; her rights are those which he possessed. Marcus himself recognized that he had no interest in the title. He became a tenant of the property under defendant, the lease reciting the paper we have heretofore quoted. By accepting the relation of landlord and tenant he acquiesced in his status as being that of one without interest by way of estate or title. Under the lease he agreed to pay a rental to Grant of $2,000 a year, the interest on the property, all taxes, insurance and water rent and to make the necessary repairs.

Appellant's counsel contend that the case of Marvine v. Drexel's Exrs., 68 Pa. 362, is authority for the proposition that their client has greater rights in the property than the court below determined, that under that decision she has the right to compel a sale. While an examination of that case shows the relation of the parties to be very similar to that appearing in the instant one, what was determined was, not that the plaintiff could compel a sale, but that he had a standing to prevent an improvident disposal of the property at a loss which would have been ruinous to him. If defendant were here seeking to make a sale ruinous to plaintiff, we might and very likely would prevent it, but both sides agree that the property has greatly enhanced in value since its purchase and that its worth is increasing.

Appellant's counsel expressly state in their brief that this is not a bill for an accounting and therefore there was no occasion for the court below to retain it for future accounting purposes. Should questions hereafter arise between the parties on that score, plaintiff would still have her remedy.

The other matters called to our attention by the assignments of error become of no consequence in view of our determination on the main question.

The decree is affirmed at appellant's cost.